IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER K. NAKI, ) | CIV. NO. 13-00292 JMS-RLP |
| ) | |
| Plaintiff, ) | ORDER GRANTING |
| ) | DEFENDANTS' MOTION TO |
| vs. ) | CHANGE VENUE, DOC. NO. 20 |
| ) | |
| STATE OF HAWAII, HAWAII ) | |
| DEPARTMENT OF PUBLIC ) | |
| SAFETY; CORRECTIONS ) | |
| CORPORATION OF AMERICA, ) | |
| a Maryland Corporation; and DOE ) | |
| DEFENDANTS 1-100, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO CHANGE VENUE, DOC. NO. 20

### I. INTRODUCTION

Plaintiff Peter K. Naki ("Naki") is a Hawaii Department of Public Safety ("DPS") prisoner, and filed this action on December 27, 2012 in the Circuit Court of the First Circuit, State of Hawaii, asserting violations of his Eighth Amendment rights under 42 U.S.C. § 1983, Article 1 § 12 of the Hawaii Constitution, and various state law claims based on injuries he sustained when he fell from his assigned bunk while incarcerated at Saguaro Correctional Center ("SCC") located in Eloy, Arizona. Naki names as Defendants the State of Hawaii;

DPS; Corrections Corporation of America ("CCA"), which owns and operates SCC under a correctional services agreement between DPS and CCA; and unnamed DOE Defendants 1-100 (collectively "Defendants"). Naki presumably filed this action in Hawaii because he is currently housed at the Halawa Correctional Facility in Hawaii. On June 10, 2013, Defendants timely removed the action to this court pursuant to 28 U.S.C. § 1441(c). Doc. No. 1.

Before the court is Defendants' Motion to Change Venue pursuant to 28 U.S.C. § 1404(a). Doc. No. 20. For the following reasons, the court GRANTS Defendants' Motion to Change Venue and TRANSFERS this action to the United States District Court for the District of Arizona.

## II. BACKGROUND

### A. Factual Background

The Complaint alleges that on December 30, 2010, Naki fell while descending from the top level of his assigned bunk bed in his cell at SCC. Doc. No. 1-1, Compl. at 4. Naki asserts that Defendants breached their duty to insure his safety by failing to provide adequate safety measures, such as a ladder, and that their negligence caused him severe and permanent injuries. *Id.* at 4-6. He seeks

general damages, special damages (including medical expenses, lost wages, and lost earning capacity), punitive damages, and attorney's fees.[1] *Id.* at 8.

**B.     Procedural Background**

On December 27, 2012, Naki filed a Complaint in the Circuit Court of the First Circuit. Defendants timely removed the action to this court on June 10, 2013, *see* Doc. No. 1, and filed a Motion to Transfer Venue to Arizona on September 17, 2013 pursuant to 28 U.S.C. § 1404(a). Doc. No. 20. Naki filed an Opposition on October 4, 2013, Doc. No. 22, and Defendants filed a Reply on October 11, 2013. Doc. No. 23. The court elects to decide this matter without a hearing pursuant to Local Rule 7.2(d) and Federal Rule of Civil Procedure 78(b).

## III.  LEGAL STANDARD

The removal statute, rather than the general venue statute, governs venue in cases removed from state court. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953); *Davis v. Abercrombie*, 2011 WL 2118276, at *4 (D. Haw. May 27, 2011). Venue of a properly removed action lies in the "district court of the United States for the district and division embracing the place where such

---

[1] Naki was transferred to Hawaii in November 2011. Doc. No. 22, Pl.'s Opp'n at 2. On May 8, 2012, Naki was released on parole from Oahu Community Correctional Center ("OCCC"). Naki was re-admitted to OCCC as a parole violator on September 12, 2012, and his parole was revoked for the balance of the maximum sentence on November 15, 2012. Naki's scheduled release date is August 7, 2016. Doc. No. 23-2, April Luria Decl. ¶ 5.

action is pending." 28 U.S.C. § 1441(a). And although venue in Hawaii is proper,[2] this action may still be transferred to the District of Arizona pursuant to 28 U.S.C. § 1404(a). *See* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3732 (4th ed. 2013) ("Even when venue is proper in the federal court, a removed action may be transferred to another federal district court in accordance with various federal transfer provisions, most notably Section 1404(a)[.]").

Under § 1404(a), "the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (quotation marks omitted). The purpose of transfer under § 1404(a) is "'to prevent the waste of time, energy, and money,' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *See Ah Sing v. Kimoto*,

---

[2] In their Reply, Defendants argue that venue is improper. In their initial Motion, however, Defendants did not make this argument, and merely sought transfer pursuant to 28 U.S.C. § 1404(a). By failing to raise improper venue in their initial answer or motion, Defendants have waived this argument. *See Berry v. Deutsche Bank Trust Co. Am.*, 2007 WL 2363366, at *5 (D. Haw. Aug. 13, 2007) (stating that "a defendant must object to improper venue by a Rule 12(b) motion prior to a responsive pleading or in the answer to the complaint or the objection is waived") (citing *Basargin v. Corr. Corp. of Am. Inc.*, 2005 WL 2705002, at *2 (D. Alaska Oct. 17, 2005)). And in any event, the court does not address arguments raised for the first time in reply. *See, e.g.*, *Hi-Tech Rockfall Const., Inc. v. Cnty. of Maui*, 2009 WL 529096, at *18 n.9 (D. Haw. Feb. 26, 2009) ("Local Rule 7.4 provides that '[a]ny arguments raised for the first time in the reply shall be disregarded.'"); *Coos Cnty. v. Kempthorne*, 531 F.3d 792, 812 n.16 (9th Cir. 2008) (declining to consider an argument raised for the first time in a reply brief).

2012 WL 1366600, at *2 (D. Haw. Apr. 18, 2012) (quoting *Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1213 (D. Haw. 2002)) (further citation omitted). Thus, to transfer a case, Defendants must first show that the transferee court is one in which the action could have been commenced originally. Second, Defendants must show that transfer would result in greater convenience to the parties and witnesses, as well as advance the interest of justice. 28 U.S.C. § 1404(a); *see Ah Sing*, 2012 WL 1366600, at *2.

Assuming that the first prong of the § 1404(a) analysis is met, the court weighs several factors to determine whether to transfer a case pursuant to § 1404(a) under the second prong, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99. "Ultimately, the moving party has the burden of showing that an alternative forum is the more appropriate forum for the action." *Tamashiro v. Harvey*, 487 F. Supp. 2d 1162, 1168 (D. Haw. 2006) (citation omitted).

## IV. **DISCUSSION**

Defendants contend that transfer to Arizona is proper because all the events giving rise to Naki's claims occurred in Arizona, and Arizona is a more convenient forum. As an initial matter, this case could have been filed in the District of Arizona because all the operative facts took place there. *See* 28 U.S.C. § 1391(b)(2); *Schotz v. Koch*, 2009 WL 1505676, at *2 (D. Haw. May 28, 2009) ("Substantiality is measured by considering the nexus between the events and the nature of the claims[.]"). The court therefore addresses each of the *Jones* factors under the second prong of the § 1404(a) analysis, and concludes that the District of Arizona is the more appropriate forum for this action.

### A. The Location Where the Relevant Agreements Were Negotiated and Executed

The parties agree that this factor is neutral. Indeed, because Naki does not allege a breach of contract claim, the location of the contractual agreement between CCA and the State of Hawaii to house and incarcerate Hawaii prisoners in Arizona is irrelevant.[3] This factor therefore does not weigh in the court's analysis.

---

[3] Even if Naki alleged a breach of contract claim and had standing to enforce it (which is doubtful), venue inquiries in contract claims are determined by the "place of intended performance rather than the place of repudiation." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (citations omitted). The place of intended performance of the contract between CCA and the State of Hawaii is Arizona, not Hawaii.

**B.     The State That Is Most Familiar with the Governing Law**

Arizona is most familiar with the governing law.  Although both districts are equally able to address Naki's federal claims, *see Ah Sing*, 2012 WL 1366600, at *4, Naki also asserts state law claims to which Arizona law applies.  Because the injury, the conduct causing the injury, and the relationship between Naki and the Defendants all took place in Arizona, Arizona law applies to these claims.  *See Unity House, Inc. v. N. Pac. Inv., Inc.*, 918 F. Supp. 1384, 1392 (D. Haw. 1996) (citing Restatement (Second) of Conflict of Laws § 145 (1971)); *see also Winsor v. Glasswerks PHX, L.L.C.*, 63 P.3d 1040, 1044 (Ariz. App. 2003) ("Cases sounding in tort should be resolved under the law of the state having the most significant relationship to both the occurrence and the parties with respect to the particular issue.") (citing Restatement (Second) of Conflict of Laws § 145(1) (1971)).  And although Naki also alleges a claim under Article 1 § 12 of the Hawaii Constitution, he does not explain how the Hawaii Constitution governs the conduct of personnel, as well as the overall operations, at an Arizona prison.  Thus, this factor weighs in favor of transfer.

**C.     Plaintiff's Choice of Forum**

In general, there is a strong presumption in favor of honoring a plaintiff's choice of forum, *see Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696,

703 (9th Cir. 1995), especially where the plaintiff resides in that chosen forum. *See Tamashiro*, 487 F. Supp. 2d at 1169.  Although Naki was incarcerated in Arizona when the alleged incident occurred, he is currently located in Hawaii, and incarcerated at Halawa Correctional Facility.[4]  The significance of Naki's choice is diminished, however, because the operative facts underlying his claims undoubtedly occured in Arizona.  *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration.").  Still, the court concludes that this factor favors keeping the case in Hawaii.

**D.   The Respective Parties' Contacts with the Forum**

The fourth *Jones* factor -- the parties' contacts with the forum -- favors transfer to Arizona.  Although Naki was convicted in Hawaii, he was incarcerated in Arizona when the events at issue took place.  As to Defendants, the court recognizes that both DPS and the State are located in this district.  Naki's claims against these Defendants, however, fail -- the Eleventh Amendment bars

---

[4] In their Motion to Transfer Venue, Defendants mistakenly asserted that Naki is presently incarcerated in Arizona.  In their Reply, Defendants recognized this error and argued instead that Naki currently resides in Hawaii only because he violated his parole shortly before filing the Complaint.  *See* Doc. No. 23-2, Luria Decl. ¶ 5.  Though this information explains why Naki is currently incarcerated in Hawaii, it has no bearing on the court's analysis of this factor.

suits for damages against the DPS and the State. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As a result, that Naki has (improperly) named the DPS and the State as Defendants does not suggest that this factor weighs in favor of this action remaining in Hawaii. Further, although the CCA is located in Maryland with its principal place of business in Tennessee, the events at issue and its employees involved are located in Arizona. Finally, Naki names unnamed "Doe Defendants," which presumably include individuals located in Arizona given that all of the operable events alleged in the Complaint occurred there.[5] Indeed, Naki does not suggest otherwise. Given these considerations, the court finds that this factor weighs in favor of transfer to Arizona.

E.  **The Contacts Relating to Plaintiff's Cause of Action in the Chosen Forum**

The events giving rise to Naki's claims indisputably occurred at SCC in Arizona, not Hawaii. He fell off his bunk bed at SCC in Arizona and complains

---

[5] Because Federal Rule of Civil Procedure 10(a) requires the plaintiff to include the names of the parties in the action, the use of Doe Defendants is generally disfavored in the federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the names of individual defendants are unknown at the time a complaint is filed, however, a plaintiff may refer to the unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but must allege facts to support how each particular Doe Defendant violated the plaintiff's constitutional rights. Although the Complaint does not include any particular facts regarding Doe Defendants 1-100, the facts alleged all focus on events that occurred at SCC.

that unnamed SCC employees in Arizona consciously disregarded his rights and safety.

In opposition, Naki asserts that Hawaii Defendants "acted or failed to act in Hawaii" to ensure his reasonable safety. *See* Doc. No. 22, Pl.'s Opp'n at 6. To the extent Naki can assert a claim against a Hawaii Defendant, he has failed to allege any independent wrongdoing by any Defendant in Hawaii. Naki does not claim that any Hawaii Defendant designed, manufactured, or supplied the bunk to CCA, or was on notice that the bed was unsafe for Naki and failed to act. Indeed, absent the alleged injury in Arizona, Naki has no claims against the Hawaii Defendants. And although Naki also argues that this factor favors Hawaii because he received the majority of his medical treatment in Hawaii, *id.* at 6, his aftercare has no bearing on the question of Defendants' liability for his injuries.

In sum, because there are no significant contacts between Naki's claims and Hawaii, other than the fact that Naki was convicted and sentenced under Hawaii law, the court concludes that this factor weighs in favor of transfer.

**F.     The Differences in the Costs of Litigation in the Two Forums**

*Jones'* sixth factor, weighing the costs of litigation between the two forums, also strongly favors transferring this action to the District of Arizona. It would be far less burdensome and expensive for Naki to travel to Arizona than to

require potentially dozens of witnesses located in Arizona to travel to Hawaii. In fact, Naki's Initial Disclosure Statement identifies 27 potential witnesses, 25 of whom are not located in Hawaii, and 23 of whom live in Arizona. Doc. No. 23, Defs.' Reply, Ex. 2.

And while large corporations, in general, can more easily travel for litigation than individuals who are parties to the action, *see Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993), the court recognizes that CCA would incur substantial costs for transportation, lodging, and lost wages for the numerous SCC and CCA officials Naki asserts have relevant information bearing on his claims. *See Ah Sing*, 2012 WL 1366600, at *3. By contrast, the Hawaii Defendants have consented to transfer and the attendant costs for traveling to Arizona for trial. Doc. No. 23, Defs.' Reply at 12-13.

In opposition, Naki's attorneys assert that they are not admitted to practice in Arizona and would likely withdraw as counsel if the case were transferred. *See* Doc. No. 22-1, David Ahuna Decl. ¶ 4. This argument does not sway the court -- Naki's counsel may seek pro hac vice admission in Arizona, or Naki may seek new representation or represent himself. *See Dean v. Corr. Corp. of Am.*, 2013 WL 361768, at *2-3 (D. Haw. Jan. 29, 2013) ("The mere fact that counsel reside and practice in Hawaii does not compel a finding that the case

should remain here."). And in any event, "courts have not considered the location of the parties' counsel as a factor for transfer." *Berry v. Deutsche Bank Trust Co. Am.*, 2007 WL 2363366, at *8 (D. Haw. Aug. 13, 2007) (citing *DeFazio v. Hollister Emp. Share Ownership Trust*, 406 F. Supp. 2d 1085, 1090 (E.D. Cal. 2005)). This factor weighs heavily in favor of transfer.

### G. The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

Analysis of the seventh factor also favors transfer to Arizona. The court lacks subpoena power over a person who is neither a party nor a party's officer to travel more than 100 miles to attend trial. *See* Fed. R. Civ. P. 45(c)(3)(B)(iii); *see also Ah Sing*, 2012 WL 1366600, at *3. Although Defendants can compel their own employees to testify, *see Tamashiro*, 487 F. Supp. 2d at 1171, the CCA claims this may impose a significant burden on prison operations where Naki calls much of the SCC medical staff as witnesses. Further, the Arizona non-party witness may include inmates and medical professionals who may have knowledge of Naki's claim and are unwilling to travel to Hawaii. *See Davis*, 2011 WL 2118276, at *8. If this case goes to trial in Hawaii, many witnesses may be unavailable and the parties may have to incur significant expense to preserve witness testimony. *See Paoa v. Marati*, 2007 WL 4191997, at *3 (D. Haw. Nov. 27, 2007). Because the majority of witnesses are outside the subpoena power of

the court and attending trial in Arizona would be far more convenient than traveling to Hawaii, this factor favors transfer.

## H. The Ease of Access to Sources of Proof

Defendants argue that all the evidence supporting Naki's claims, including "Plaintiff's SCC institutional records, SCC operational records and Plaintiff's medical records are located at SCC in Arizona -- not in Hawaii." Doc. No. 20, Defs.' Mot. at 7-8. Naki, on the other hand, contends that his institutional file and medical records are located in Hawaii. Doc. No. 22, Pl.'s Opp'n at 8. Either way, most, if not all, documents can be easily produced and at a reasonable cost. *See Davis*, 2011 WL 2118276, at *9. Thus, the court concludes that this factor bears little consideration.

## I. Weighing of the Factors

In sum, the evidence before the court strongly favors the District of Arizona over Hawaii given that the injury incurred in Arizona, the majority of witnesses are located in Arizona, and any connection to Hawaii is attenuated at best.[6] The only factor that arguably weighs in Naki's favor is his choice of forum.

---

[6] Naki asks this court to consider statistics showing that there is less congestion in the District of Hawaii than in the District of Arizona, and therefore that it takes less time to go to trial in Hawaii. *See* Doc. No. 22, Pl.'s Opp'n at 8-9; *see also Davis*, 2011 WL 2118276, at *10 (citing *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984) (noting that a court should consider "whether a trial may be speedier in another court because of its less crowded
(continued...)

Balancing these factors, the court finds that Defendants have made "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *E.E.O.C. v. Lockheed Martin*, 2007 WL 2746800, at *6 (D. Haw. Sept. 19, 2007) (citing *Resnick v. Rowe*, 283 F. Supp. 2d 1128, 1144 (D. Haw. 2003)). The court therefore GRANTS Defendants' Motion to Change Venue.

## V. CONCLUSION

Based on the above, the court GRANTS Defendants' Motion to Change Venue. This action is TRANSFERRED to the United States District Court for the District of Arizona. The Clerk of Court is DIRECTED to close the file and

///

///

///

///

///

///

///

---

[6](...continued)
docket")). Although relative docket conditions are accorded some weight in transfer motions, *Foster v. Litton Indus., Inc.*, 431 F. Supp. 86, 88 (S.D.N.Y. 1977); *MacMunn Eli Lilly Co.*, 559 F. Supp. 2d 58, 63 (D.D.C. 2008), the statistics do not suggest that Arizona is unable to handle this action and in any event does not outweigh the bulk of the *Jones* factors weighing in favor of transfer.

send any pending motions or further documents received from Naki to the United States District Court for the District of Arizona.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, October 25, 2013.



      /s/ J. Michael Seabright
      J. Michael Seabright
      United States District Judge

*Peter K. Naki v. State of Hawaii et al.*, Civ. No. 13-00292 JMS-RLP, Order Granting Defendants' Motion to Change Venue, Doc. No. 20